**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DOUGLAS FAUCONIER,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Case No.: RWT 11cv1966 |
| | * | |
| **DIRECTIOR OF THE DEPARTMENT** | * | |
| **OF PUBLIC SAFETY AND** | * | |
| **CORRECTIONAL SERVICES,** *et al.*, | * | |
| | * | |
| Respondents. | * | |
| | * | |

********

## MEMORANDUM OPINION

At the time he filed this 28 U.S.C. § 2254 action on July 14, 2010, Petitioner Douglas Fauconier was a prisoner in the Commonwealth of Virginia, convicted and sentenced by that State.[1]  Petitioner seeks to vacate his 1996 convictions for two counts of armed robbery entered in the Circuit Court for Montgomery County, Maryland.  Respondents have filed an answer to the Petition, arguing that the application should be dismissed because Petitioner is no longer "in custody" under the conviction.  ECF No. 4.  Petitioner has filed a reply.[2]  ECF No. 5.  For reasons to follow, the Petition shall be denied and dismissed.

On November 14, 1996, Petitioner pled guilty to two counts of armed robbery.  ECF No. 4, Ex. 1. On December 31, 1996, he was sentenced to two concurrent terms of imprisonment with all but five years suspended and two years of probation upon release.  The judgment became final on January 30, 1997, when the time for seeking appellate review expired.  Id.; see

---

[1] Petitioner is now is housed at the Powhattan Correctional Center in State Farm, Virginia.  ECF No. 1.

[2] In his Reply, Petitioner takes exception to the post-conviction court's dismissal of his petition without notice to him when it found he was no longer in custody due to the termination of his probation case.

<u>also</u> Md. Rule 8-204 (application for leave to appeal must be filed within 30 days from date of judgment from which appeal is sought). Petitioner instituted post-conviction proceedings on April 9, 2001. Relief was initially denied based on lack of jurisdiction. That decision was reversed and the case remanded back to the Circuit Court for further proceedings. ECF No. 4, Exs. 1 & 2. On May 20, 2011, the Circuit Court denied post-conviction relief holding that Petitioner's probation case had been terminated and closed as of February 28, 2011, and he was therefore no longer in state custody. <u>Id</u>., Ex. 1. The ruling became final on June 20, 2011, when the time for filing an application for leave to appeal expired. <u>See</u> Md. Rule 8-204.

When Petitioner instituted the current proceedings, he was no longer in Maryland custody on the judgment of conviction at issue in the Petition. <u>Id</u>., Ex. 2. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. <u>See</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. <u>See</u> <u>Lackawana Cnty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 401 (2001); <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989). Petitioner does not rebut Respondents' argument that his custody on the 1996 conviction ended February 28, 2011; simply put, at the time he filed this matter, Petitioner was not in custody for purposes of challenging his 1996 conviction under § 2254(a).[3] The fact that the conviction may be used to enhance sentences imposed on other convictions does not change this result. <u>Maleng</u>, 490 U.S. at 492-93. Accordingly, this Court lacks subject matter jurisdiction over the instant Petition.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. <u>See</u> 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if

---

[3] As this Court lacks jurisdiction over this case, it will not address the question of whether the Petition would otherwise be time-barred.

the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate Order dismissing the Petitioner and denying a COA follows.


Date: November 30, 2011                                    /s/
                                                 ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE